Molly C. Machold (SBN: 026301)
GORDON & REES LLP
111 W. Monroe Street, Suite 1600
Phoenix, AZ 85003
Phone: (602) 794-2460
Fax: (602) 265-4716
mmachold@gordonrees.com

Matthew C. Elstein (*Pro Hac Vice Admission Pending*)
GORDON & REES LLP
101 West Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124
melstein@gordonrees.com

Attorneys For Plaintiff
ORDINANCE TECHNOLOGIES
(NORTH AMERICA) INC.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA – TUCSON DIVISION

| | |
|---|---|
| Ordinance Technologies (North America) Inc.,<br><br>Plaintiff,<br><br>vs.<br><br>Raytheon Company,<br><br>Defendant. | CASE NO.<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES** |

For its Complaint against Raytheon Company ("Defendant" or "Raytheon"), Plaintiff Ordinance Technologies (North America) Inc. ("OTNA") states and alleges as follows:

### NATURE OF THE DISPUTE

1. This action arises from Defendant's unlawful disclosure and use of OTNA's intellectual property rights ("Trade Secrets") in the design of the Lancer Multiple Warhead System ("LMWS"). Despite multiple contracts and common law protections prohibiting Defendant from using or disclosing the Trade Secrets, Defendant has misappropriated OTNA's Trade Secrets, and has disclosed and used them in

connection with Defendant's Joint Multi-Effects Warhead System Project ("JMEWS Project"). OTNA brings this action seeking injunctive relief prohibiting Defendant from continuing with the JMEWS Project, as well as damages in contract and tort.

## PARTIES

2. Plaintiff OTNA is a corporation organized and existing under the laws of the State of California with its office and principal place of business located in La Jolla, California.

3. Defendant Raytheon Company ("Raytheon") is a corporation organized and existing under the laws of the State of Delaware with its office and principal place of business in Tucson, Arizona.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the parties pursuant to 28 U.S.C. §§ 1331 and 1332. This case arises under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), diversity exists between the parties, and the amount in controversy exceeds $75,000.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to OTNA's claims occurred in this jurisdiction and Defendant resides, may be found, and/or conducts business in Arizona.

## OTNA'S TRADE SECRETS

6. OTNA is small private defense contractor specializing in the design, development, testing and manufacturing of weapon systems and sub-systems. OTNA is the successor in interest to Ordnance Technologies (UK) Limited ("OTNA (UK)") and OTNA now holds all rights and interests previously held by OTNA (UK). Accordingly, hereinafter the term "OTNA" refers to both Ordnance Technologies (North America) Inc. and Ordnance Technologies (UK) Limited collectively.

7. OTNA owns the proprietary and intellectual rights to the design of the LMWS. The LMWS consists of multiple warhead systems which have been adapted to the Tactical Tomahawk Cruise Missile ("Tomahawk").

Gordon & Rees LLP
111 W. Monroe Street, Suite 1600
PHOENIX, ARIZONA 85003

8. The Trade Secrets contain OTNA's technical, scientific, innovative, confidential and proprietary information and plans for the design, construction and use of the LMWS.

9. The LMWS is a new technology, developed solely for and exclusively by OTNA.

10. The LMWS is a competitively advantageous new technology because, among other things, LMWS: (1) is designed for the entire "soft/hard" target set; (2) significantly increases concrete penetration; (3) increases fragment performance; (4) increases blast overpressure; (5) increases fuzing performance; and (6) increases performance against soil overburdened hardened targets.

11. To create the LMWS, OTNA necessarily used substantial confidential, proprietary, and patentable information, including innovative and detailed engineering plans and scientific and technical information.

12. The Trade Secrets are not only extremely valuable, but fundamental to OTNA's past, current, and future business. Accordingly, OTNA strives to maintain and guard the Trade Secrets.

13. OTNA has made every effort to ensure that the Trade Secrets remain its confidential property. OTNA has a long-standing policy that all information related to its Trade Secrets is confidential and should be kept confidential by all of OTNA's employees, both during their employment and after termination of their employment.

14. The Trade Secrets were developed and/or acquired by OTNA only after significant research, commitment, time, diligence, planning and expense.

15. OTNA is the sole owner of the Trade Secrets.

/ / /

/ / /

## DEFENDANTS' WRONGFUL CONDUCT

16. Beginning in the early 1990s, OTNA worked with Defendant on the Multi Warhead/ Multi Mission Warhead programs and invested considerable sums on the research and development on warhead design, modeling and business development.

17. OTNA expended these sums with the understanding that it would always remain the Warhead System Design Authority on the Multi Warhead/ Multi Mission Warhead programs. Furthermore, OTNA understood that any intellectual property rights it created would remain the property of OTNA.

18. By virtue of multiple agreements between OTNA and Raytheon, Defendant was, and is, knowledgeable about numerous aspects of OTNA's business, including, among other things, the Trade Secrets.

19. By virtue of multiple agreements described hereinafter, Defendant was obligated to refrain from using OTNA's Trade Secrets and from misappropriating OTNA's Trade Secrets.

20. On December 13, 2002, OTNA and Raytheon entered into a Technical Assistance Agreement ("2002 TAA"). In the 2002 TAA, Raytheon agreed to provide OTNA with technical data and defense services related to the integration of the LMWS for use in the Tactical Tomahawk Cruise Missile. Raytheon agreed not to disclose nor to use any proprietary information belonging to OTNA. The parties also agreed that production of the LMWS would only be completed by OTNA subcontractors.

21. In 2005, OTNA and Raytheon entered into an amendment of the TAA ("TAA Amendment"). In the TAA Amendment, the parties agreed that: (1) any manufacturing of the LMWS would only be completed by OTNA subcontractors; (2) OTNA held full ownership of the design and manufacturing rights of the LMWS; and (3) Raytheon would not disclose nor use any proprietary information belonging to OTNA.

22. In 2005, concerns first began to rise regarding Raytheon's intentions. Pertinently, Raytheon began generating briefings using proprietary data owned by OTNA without acknowledging OTNA.

- 4 -

23. In November 2005, OTNA sent correspondence to Raytheon asking Raytheon if it had passed on any OTNA proprietary data to any other organization. Raytheon responded by stating that it has not passed on any data. Furthermore, Raytheon represented that it had not nor was it going to misappropriate the Trade Secrets for its own use.

24. In 2009, OTNA learned that Raytheon had entered into the JMEWS Project with the United States government to modify the Tactical Tomahawk Cruise Missile to enable it to destroy targets in a "multi-effects" system.

25. Upon information and belief, OTNA alleges that JMEWS Project: (1) is designed for the entire "soft/hard" target set; (2) significantly increases concrete penetration; (3) increases fragment performance; (4) increases blast overpressure; (5) increases fuzing performance; and (6) increases performance against soil overburdened hardened targets.

26. Upon information and belief, Defendant currently unlawfully possesses and is using OTNA's Trade Secrets.

27. Upon information and belief, Defendant has and will continue to access the Trade Secrets in connection with the JMEWS Project.

28. Upon information and belief, other third parties are acting in concert with Defendant and should this lawsuit confirm same, OTNA will seek relief from those other persons and parties.

## RESULTING DAMAGE TO OTNA

29. Defendant's wrongful conduct has deprived OTNA of the use of the Trade Secrets and from marketing the Trade Secrets to current and future contracting parties.

30. Moreover, Defendant's wrongful conduct has dramatically slowed OTNA's revenues and has set back OTNA's business efforts.

31. Raytheon's wrongful acts have caused OTNA to suffer at least $12 million in consequential damages and lost profits.

**FIRST CLAIM FOR RELIEF**
**(STATUTORY MISAPPROPRIATION OF TRADE SECRETS**
**AGAINST DEFENDANT RAYTHEON)**

32. OTNA repeats and realleges each and every allegation set forth in paragraphs 1 through 31 as if set forth fully herein.

33. The acts of Defendants constitute misappropriation of trade secrets, as defined in Arizona Revised Statutes § 44-401, et seq.

34. Pursuant to the TAA and the TAA Amendment, as well as other documents and agreements between the parties, Defendant was granted access to the Trade Secrets and, in exchange, agreed that OTNA held full ownership of the Trade Secrets and agreed neither to use nor disclose the Trade Secrets.

35. The creation, development, construction and compilation of the Trade Secrets was the result of a substantial amount of time, effort, and money acquired and owned by OTNA which Defendant now attempts to convert and manipulate for its own use and pecuniary interest.

36. The Trade Secrets had, and continue to have, economic value in that they constitute and/or contain information not generally known within the industry, and represent substantial technological research and innovation owned by OTNA.

37. OTNA has made every effort to ensure that the Trade Secrets remain its confidential property. OTNA has a long-standing policy that all information related to the Trade Secrets is confidential and should be kept confidential by all of OTNA's employees, both during their employment and after termination of their employment.

38. As alleged above, Defendant has misappropriated, and continues to misappropriate, the Trade Secrets. Defendant has used, and continues to use, the Trade Secrets to its own benefit and to the detriment of OTNA.

39. As a direct and proximate result of Defendant's wrongful acts, OTNA has sustained and continues to sustain immediate and irreparable harm including, but not limited to, substantial loss of profits, loss of goodwill, loss of business relations with existing and future contracting parties, loss of business relations with existing and future

business prospects, and loss of competitive business advantage, opportunity, and/or expectancy.

40. OTNA has no adequate remedy at law.

41. There is a substantial risk that Defendant will continue to irreparably injure OTNA unless it, and others acting in concert with it, are preliminary and/or permanently enjoined.

42. Unless Defendant's wrongful acts described herein are preliminary and/or permanently enjoined, OTNA will continue to sustain immediate and irreparable harm and injury.

43. In the alternative and in addition to the irreparable harm and injury described herein, upon information and belief, as a direct and proximate result of Defendant's wrongful acts described herein, OTNA has suffered and continues to suffer, among other things, general and special damages in accordance with proof, which are above the jurisdictional threshold of this Court. Intellectual and proprietary rights in the LMWS are worth over $12,000,000. Accordingly, OTNA has suffered actual and consequential damages in amount which exceeds $75,000.

44. OTNA is informed and believes, and on that basis alleges, that Defendant acted intentionally in conscious disregard of OTNA's rights, with fraud, malice, and/or oppression, in that it knew that its acts and conduct, as alleged hereinabove, were unjustified and would result in severe financial and economic injury to OTNA and intentionally kept such acts secrets from OTNA. Accordingly, OTNA is entitled to award of punitive damages against Defendant. The amount of such punitive damages should be determined at the time of trial of this action.

45. OTNA is also entitled to an award of its attorneys' fees for Defendant's willful and malicious appropriation of its Trade Secrets.

## SECOND CLAIM FOR RELIEF
### (COMMON LAW MISAPPROPRIATION OF TRADE SECRETS AGAINST DEFENDANT RAYTHEON)

46. OTNA repeats and realleges each and every allegation set forth in paragraphs 1 through 45 as if set forth fully herein.

47. The acts and/or practices committed by Defendant, as alleged hereinabove, constitute misappropriation of trade secrets at common law.

48. As set forth above, Defendant has misappropriated, and continues to misappropriate, OTNA's Trade Secrets. Defendant has used, and continues to use, the Trade Secrets to its own benefit and to the detriment of OTNA.

49. As a direct and proximate result of Defendant's wrongful acts, OTNA has sustained and continues to sustain immediate and irreparable harm and injury, including, but not limited to, substantial loss of profits, loss of goodwill, loss of business relations with existing and future contracting parties, loss of business relations with existing and future business prospects, and loss of competitive business advantage, opportunity, and/or expectancy.

50. OTNA has no adequate remedy at law.

51. There is a substantial risk that Defendant will continue to irreparably injure OTNA unless it, and others acting in concert with it, are preliminary and/or permanently enjoined.

52. Unless Defendant's wrongful acts described herein are preliminary and/or permanently enjoined, OTNA will continue to sustain immediate and irreparable harm and injury.

53. In the alternative and in addition to the irreparable harm and injury described herein, upon information and belief, as a direct and proximate result of Defendant's wrongful acts described herein, OTNA has suffered and continues to suffer, among other things, general and special damages in accordance with proof, which are above the jurisdictional threshold of this Court. Intellectual and proprietary rights in the

LMWS are worth over $12,000,000. Accordingly, OTNA has suffered actual and consequential damages in amount which exceeds $75,000.

54. OTNA is informed and believes, and on that basis alleges, that Defendant acted intentionally in conscious disregard of OTNA's rights, with fraud, malice, and/or oppression, in that it knew that its acts and conduct, as alleged hereinabove, were unjustified and would result in severe financial and economic injury to OTNA and intentionally kept such acts secrets from OTNA. Accordingly, OTNA is entitled to award of punitive damages against Defendant. The amount of such punitive damages should be determined at the time of trial of this action.

55. OTNA is also entitled to an award of its attorneys' fees for Defendant's willful and malicious appropriation of its Trade Secrets.

## THIRD CLAIM FOR RELIEF
## (BREACH OF CONTRACT AGAINST DEFENDANT RAYTHEON)

56. OTNA repeats and realleges each and every allegation set forth in paragraphs 1 through 55 as if set forth fully herein.

57. OTNA and Defendants are parties to the Agreements as alleged herein above, which are valid and enforceable, and OTNA fully performed all of its obligations under the Agreements.

58. In the Agreements, Defendant promised that it would maintain the confidentiality of the Trade Secrets and refrain from using the Trade Secrets for its own benefits. In addition, Defendant promised that OTNA would be the sole manufacturer of the LMWS.

59. As described hereinabove, Defendant has breached the Agreements by using the Trade Secrets to create, maintain and perform the JMEWS Project without OTNA's authorization or consent. Moreover, as part of the JMEWS Project Defendant has disclosed the Trade Secrets to other parties without OTNA's authorization or consent.

60. As a direct and proximate result of Defendant's breaches, OTNA has sustained and continues to sustain immediate and irreparable harm and injury, including,

- 9 -

but not limited to, substantial loss of profits, loss of goodwill, loss of business relations with existing and future contracting parties, loss of business relations with existing and future business prospects, and loss of competitive business advantage, opportunity, and/or expectancy.

61. OTNA has no adequate remedy at law.

62. Unless Defendant's wrongful acts described herein are preliminary and/or permanently enjoined, OTNA will continue to sustain immediate and irreparable harm and injury.

63. In the alternative and in addition to the irreparable harm and injury described herein, upon information and belief, as a direct and proximate result of Defendant's wrongful acts described herein, OTNA has suffered actual and consequential damages in amount which exceeds $75,000.

64. Upon information and belief, the acts described herein were so willful and malicious that they warrant an award of exemplary damages to OTNA.

65. OTNA is entitled to recover its reasonable attorneys' fees and costs incurred herein.

### FOURTH CLAIM FOR RELIEF
### (BREACH OF IMPLIED CONTRACT
### AGAINST DEFENDANT RAYTHEON)

66. OTNA repeats and realleges each and every allegation set forth in paragraphs 1 through 65 as if set forth fully herein.

67. Upon information and belief, OTNA has an implied contract with Defendant by way of the relationship between OTNA and Defendant.

68. Inherent with this relationship, Defendant agreed to preserve and protect OTNA's Trade Secrets.

69. Inherent with this relationship, Defendant agreed not to use OTNA's Trade secrets for its own use.

70. OTNA has performed all of its obligations owed to Defendant.

71. By creating, maintaining and performing the JMEWS Project without OTNA's authorization or consent and by disclosing the Trade Secrets to other parties without OTNA's authorization or consent, Defendant has failed to perform its corresponding obligations.

72. As a direct and proximate result of Defendant's breaches, OTNA has sustained and continues to sustain immediate and irreparable harm and injury, including, but not limited to, substantial loss of profits, loss of goodwill, loss of business relations with existing and future contracting parties, loss of business relations with existing and future business prospects, and loss of competitive business advantage, opportunity, and/or expectancy.

73. OTNA has no adequate remedy at law.

74. There is a substantial risk that Defendant will continue to irreparably injure OTNA unless it, and others acting in concert with it, are preliminary and/or permanently enjoined.

75. In the alternative and in addition to the irreparable harm and injury described herein, upon information and belief, as a direct and proximate result of Defendant's wrongful acts described herein, OTNA has suffered actual and consequential damages in amount which exceeds $75,000.

### FIFTH CLAIM FOR RELIEF
### (BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING AGAINST DEFENDANT RAYTHEON)

76. OTNA repeats and realleges each and every allegation set forth in paragraphs 1 through 75 as if set forth fully herein.

77. As alleged herein, Agreements exist between OTNA and Defendant.

78. Defendant had a duty to render performance under the Agreements and affirmatively perform its obligations under the Agreements and fulfill the goals and purposes of the Agreements.

79. Defendant is bound by an implied covenant of good faith and fair dealing.

80. Defendant breached the Agreements by failing to satisfy its obligations under the Agreements. Defendant used the Trade Secrets to create, maintain and perform the JMEWS Project without OTNA's authorization or consent. Moreover, as part of the JMEWS Project, Defendant has disclosed the Trade Secrets to other parties without OTNA's authorization or consent.

81. OTNA has been denied and continues to be denied its benefits under the Agreements.

82. As a direct and proximate result of Defendant's breaches, OTNA has sustained and continues to sustain immediate and irreparable harm and injury, including, but not limited to, substantial loss of profits, loss of goodwill, loss of business relations with existing and future contracting parties, loss of business relations with existing and future business prospects, and loss of competitive business advantage, opportunity, and/or expectancy.

83. OTNA has no adequate remedy at law.

84. There is a substantial risk that Defendant will continue to irreparably injure OTNA unless its, and others acting in concert with it, are preliminary and/or permanently enjoined.

85. In the alternative and in addition to the irreparable harm and injury described herein, upon information and belief, as a direct and proximate result of Defendant's wrongful acts described herein, OTNA has suffered actual and consequential damages in amount which exceeds $75,000.

86. Upon information and belief, the acts described herein were so willful and malicious that they warrant an award of exemplary damages to OTNA pursuant to Arizona Revised Statutes § 44-403(b).

87. OTNA is entitled to recover its reasonable attorneys' fees and costs incurred herein.

## SIXTH CLAIM FOR RELIEF
### (UNJUST ENRICHMENT AGAINST DEFENDANT RAYTHEON)

88.     OTNA repeats and realleges each and every allegation set forth in paragraphs 1 through 87 as if set forth fully herein.

89.     As described above, Defendant has improperly converted and taken the Trade Secrets from OTNA.

90.     Defendant has been unjustly enriched by such conduct.

91.     As a direct and proximate result of Defendant's wrongful acts, OTNA has suffered and continues to suffer, among other things, general and special damages in accordance with proof, which are above the jurisdictional threshold of this Court.

92.     OTNA is informed and believes, and on that basis alleges, that Defendant acted intentionally in conscious disregard of OTNA's rights, with fraud, malice, and oppression, in that it knew that its acts and conduct, as alleged hereinabove, were unjustified and would result in severe financial and economic injury to OTNA and intentionally kept such acts secret from OTNA.

93.     OTNA is entitled to an award of punitive damages against Defendant. The amount of such punitive damages should be determined at the time of trial of this action.

## SEVENTH CLAIM FOR RELIEF
### (CONVERSION AGAINST DEFENDANT RAYTHEON)

94.     OTNA repeats and realleges each and every allegation set forth in paragraphs 1 through 93 as if set forth fully herein.

95.     By virtue of Defendant's business relationships with OTNA, Defendant had access to the Trade Secrets.

96.     Upon information and belief, Defendant wrongfully took possession of the Trade Secrets through deceptive, unlawful, and fraudulent means.

97.     Defendant wrongfully took possession of the Trade Secrets for its own purposes.

98. Defendant wrongfully took possession of the Trade Secrets and used them to commence the JMEWS Project and in the course of the JMEWS Project they were disclosed to third parties.

99. As a direct and proximate result of the conversion of Trade Secrets by Defendant, OTNA has been damaged in an amount to be determined at the time of trial of this action.

100. OTNA is informed and believes, and on that basis alleges, that Defendant acted intentionally in conscious disregard of OTNA's rights, with fraud, malice, and oppression, in that it knew that its acts and conduct, as alleged hereinabove, were unjustified and would result in severe financial and economic injury to OTNA and intentionally kept such acts secret from OTNA. Accordingly, OTNA is entitled to an award of punitive damages against Defendant. The amount of such punitive damages should be determined at the time of trial of this action.

## EIGHTH CLAIM FOR RELIEF
### (INTERFERENCE WITH CONTRACT OR BUSINESS EXPECTANCY AGAINST DEFENDANT RAYTHEON)

101. OTNA repeats and realleges each and every allegation set forth in paragraphs 1 through 100 as if set forth fully herein.

102. OTNA has a reasonable expectation of an economic business advantage by designing and manufacturing the LMWS.

103. OTNA has a reasonable expectation of development of other weapon systems through the use of Trade Secrets to provide services to additional clients.

104. Defendant is and was aware of this prospective economic business advantage, opportunity, and/or expectancy.

105. Nonetheless, Defendant wrongfully, intentionally, purposefully, and/or negligently interfered with OTNA's business expectancies by wrongfully taking possession of the Trade Secrets and using them to commence the JMEWS Project, and

- 14 -

disclosing them to third parties, thereby preventing OTNA's business expectancies from ripening.

106. The wrongful acts of interference described herein proximately impaired OTNA's contract and business economic advantage, opportunity, and/or expectancy by preventing OTNA from obtaining the benefits of its Trade Secrets.

107. OTNA is informed and believes, and on that basis alleges, that Defendant utilized the Trade Secrets for its own purposes.

108. By using OTNA"s Trade Secrets, Defendant disrupted and diverted OTNA's business relationships by improper methods and as a form of unfair competition.

109. As a direct and proximate result of the wrongful, improper, intentional, and/or negligent interference with OTNA's contract and business economic advantage, opportunity, and/or expectancy described herein, OTNA, suffered damages in an amount to be proved at trial.

110. Defendant's wrongful conduct has interfered with economic advantages, opportunities, and/or expectancies that would have accrued to OTNA absent Defendant's wrongful conduct, and has caused, and will continue to cause, OTNA to suffer economic damages in an amount to be determined at the time of trial in this matter.

### NINTH CLAIM FOR RELIEF
### (UNFAIR COMPETITION AGAINST DEFENDANT RAYTHEON)

111. OTNA repeats and realleges each and every allegation set forth in paragraphs 1 through 110 as if set forth fully herein.

112. Defendant has and will continue to damage OTNA's business reputation, and goodwill. Moreover, Defendant's acts have caused, and unless enjoined will continue to cause, irreparable harm and injury to OTNA for which there is no adequate remedy at law.

113. Defendant has misappropriated and absconded with OTNA's Trade Secrets, which are known to be highly valuable.

114. Upon information and belief, Defendant is now attempting to palm off and manipulate the Trade Secrets for its own use in direct or indirect competition with OTNA.

115. Defendant's acts complained of herein constitute unfair competition.

116. Defendant has been unjustly enriched and has damaged OTNA.

117. Upon information and belief, Defendant's acts complained of herein were intentional, wanton, willful, and committed in bad faith with the intent to confuse and deceive the public.

118. Defendant's wrongful conduct has interfered with economic advantages that would have accrued to OTNA absent Defendant's wrongful conduct, and will continue to cause OTNA to suffer economic damages in an amount to be determined at the time of trial of this action.

### TENTH CLAIM FOR RELIEF
### (VIOLATION OF THE LANHAM ACT
### AGAINST DEFENDANT RAYTHEON)

119. OTNA repeats and realleges each and every paragraph set forth in paragraphs 1 through 118 as if set forth fully herein.

120. Upon information and belief, Defendant has made, and has conspired with third parties to make, false or misleading representations of fact in interstate commerce to the effect that the that it owns the Trade Secrets.

121. Upon information and belief, Defendant's representations have been made in interstate commerce.

122. Upon information and belief, Defendant's representations have been made in an attempt to palm off and manipulate the Trade Secrets in direct or indirect competition with OTNA.

123. Defendant is aware that OTNA has lawful ownership and rights to the Trade Secrets.

124. Defendant's acts, practices, and conduct constitute unfair competition, false designation of origin, and false or misleading descriptions or representations of facts, in that they are likely to cause confusion or to cause mistake, to deceive others as to the affiliation, connection, or association of the parties, and/or to misrepresent the nature, characteristics, qualities, or geographic origin of the Trade Secrets, as well as other of OTNA's goods and services, and commercial activities, all in violation of 15 U.S.C. § 1125(a).

125. As a direct and proximate result of Defendant's breaches, OTNA has sustained and continues to sustain immediate and irreparable harm and injury including, but not limited to, substantial loss of profits, loss of goodwill, loss of business relations with existing and future contracting parties, loss of business relations with existing and future business prospects, and loss of competitive business advantage, opportunity and/or expectancy.

126. OTNA has no adequate remedy at law.

127. There is a substantial risk that Defendant will continue to irreparably injure OTNA unless it, and others acting in concert with it, are preliminary and/or permanently enjoined.

128. In the alternative and in addition to the irreparable harm and injury described herein, upon information and belief, as a direct and proximate result of Defendant's wrongful acts described herein, OTNA has suffered actual and consequential damages in an amount which OTNA believes exceeds $75,000.

129. Upon information and belief, the acts described herein were so willful and malicious that they warrant an award of exemplary damages to OTNA.

130. OTNA is entitled to recover its reasonable attorneys' fees and costs incurred herein.

## PRAYER FOR RELIEF

WHEREFORE, OTNA prays for judgment against Defendant as follows:

1. A permanent injunction restraining and enjoining Defendant from using OTNA's Trade Secrets;

2. A permanent injunction restraining and enjoining Defendant from continuing, participating in or marketing the JMEWS Project;

3. A permanent injunction mandating Defendant return OTNA's Trade secrets to OTNA;

4. A permanent injunction restraining and enjoining Defendant from using OTNA's Trade Secrets for the purpose of interfering or attempting to interfere with any business relationship between OTNA and any of its clients or employees;

5. During the pendency of this action, a preliminary injunction enjoining and restraining Defendant from the acts and conduct set forth in paragraphs 1-4 above;

6. Disgorgement of all profits received by virtue of Defendant's wrongful conduct;

7. Statutory damages;

8. Compensatory damages in an amount to be determined at trial;

9. Punitive damages;

10. Reasonable attorneys' fees;

11. Interest on any monetary judgment awarded, as permitted by law;

12. All costs of suit herein incurred; and

13. Such other costs and further relief as the Court may deem just and proper.

/ / /

/ / /

## JURY TRIAL DEMAND

OTNA hereby demands a jury trial regarding all issues triable of right by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: May 1, 2012                    GORDON & REES LLP


By:   /s/ Molly C. Machold
      Attorneys for Plaintiff
      Ordinance Technologies
      (North America) Inc.