**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ORDNANCE TECHNOLOGIES (NORTH AMERICA) INC., <br><br> Plaintiff, <br><br> vs. <br><br> RAYTHEON COMPANY, <br><br> Defendant. <br><br> ─────────────────────── <br> RAYTHEON COMPANY AND RAYTHEON MISSILE SYSTEMS, <br><br> Counter Claimants, <br><br> vs. <br><br> ORDNANCE TECHNOLOGIES (NORTH AMERICAN) INC., <br><br> Counter Defendant. | No. CV 12-386-TUC-CKJ <br><br> **ORDER** |

Pending before the Court are the discovery disputes regarding the request for documents and the notices of depositions. Counsel presented argument to the Court on January 22, 2014.

*Requests for Documents*

Raytheon Missile Systems (collectively, with Raytheon Company, "Raytheon") asserts the request for documents by Ordinance Technologies (North America), Inc. (collectively, with it predecessor in interest Ordinance Technologies (UK) Limited, "Ordinance") is untimely. Ordnance acknowledges the request was served at 5:05 p.m. on December 31, 2014 – Raytheon did not receive the documents until January 2, 2014. In other words, allowing Raytheon 30 days to respond from January 2, 2014, would result in a response deadline past the discovery deadline. *See* Doc. 24; *see also Adobe Systems Inc. v. Christenson*, No. 2:10–cv–00422–LRH–GWF, 2011 WL 1322529, * 2 (D.Nev. April 5, 2011) (motion to compel discovery denied because, among others, "[c]ommon sense dictates that any requests for discovery must be made in sufficient time to allow the opposing party to respond before the termination of discovery" (citation omitted)).[1] The rule guiding the computation of time does not provide that a deadline includes a time. *See* Fed.R.Civ.P. 6. Additionally, the Court is not aware of any other rule that includes an implicit time of day for a deadline. Rather, it appears courts designate a specific time if one is to be applicable. *See e.g. Shaver v. Arizona Fire & Water*, No. CV 11-01815-PHX-NVW, 2012 WL 1150537 (D.Ariz. April 5, 2012); *U.S. E.E.O.C. v. Ian Schrager Hotels, Inc.*, No. CV 99-0987GAFRCX, 2000 WL 307470 (C.D.Cal. March 8, 2000)

Therefore, the time of the delivery does not preclude a finding of timely service if valid service was effectuated. The applicable rule states:

> **(b) Service: How Made.**
>
> **(1) Serving an Attorney.** If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party.
>
> **(2) Service in General.** A paper is served under this rule by:

---

[1] After Ordnance and Raytheon discussed whether the request was overbroad, Ordnance agreed to provide narrowed requests. The narrowed requests had not been served by 12:30 p.m. on January 17, 2014. However, Raytheon has indicated the substance of the objection at this time is the timeliness of the request rather than any overbreadth of the request.

>> **(A)** handing it to the person;
>>
>> **(B)** leaving it:
>>
>>> **(i)** at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office; or
>>>
>>> **(ii)** if the person has no office or the office is closed, at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there;
>
> \* \* \* \* \*

Fed.R.Civ.P. 5. As stated by the Seventh Circuit Court of Appeals:

> The only attempt at service within the ten days was by slipping a copy of the motion for new trial under the door of the law office of the defendants' counsel, after hours, when no one was there. This was not proper service. Rule 5(b), in specifying the various methods by which service can be made, provides that "if the office is closed ..., leaving it at the person's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein" is sufficient. But nowhere does the rule allow service to be made simply by inserting the paper to be served into the closed office. As the defendants point out in their motion to dismiss, the plaintiffs employed none of the methods of service authorized by Rule 5(b).

*Sinett Inc. v. Blairex Laboratories, Inc.*, 909 F.2d 253, 253-54 (7th Cir. 1990).

The Ninth Circuit has made clear that Rule 16 deadlines are "to be taken seriously." *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir.1994). "In these days of heavy case loads, trial courts ... set schedules and establish deadlines to foster the efficient treatment and resolution of cases." *Hostnut. Com, Inc. v. Go Daddy Software, Inc.*, No. CV 05–0094 PHX DGC, 2006 WL 1042335, * 1 (D.Ariz. April 19, 2006) (quoting *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005) (internal quotation marks omitted). "The parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders. . ." *Id*; *see also*, *Rogers v. Brauer Law Offices, PLC*, No. CV–10–1693–PHX–LOA, 2011 WL 3665346 (D.Ariz. August 22, 2011) (discovery motion filed two months after the close of discovery untimely).

The Court finds Ordnance's request for production was not timely served on Raytheon. However, the Court will consider Ordnance's implicit request for a finding of excusable neglect to extend the deadline to submit requests for production. *See* Fed.R.Civ.P. 6(1)(b). Although excusable neglect is a "flexible, equitable concept," "inadvertence,

1  ignorance of the rules, or mistakes construing the rules do not constitute 'excusable' neglect."
2  *Kyle v. Campbell Soup Company*, 28 F.3d 928, 931 (9th Cir. 1994), *quoting Pioneer Inv.*
3  *Servs. v. Brunswick Assocs.*, 507 U.S. 380, 113 S.Ct. 1489, 1496, 123 L.Ed.2d 74 (1993).
4  The Supreme Court has set forth four factors to be considered in determining if excusable
5  neglect exists: "(1) the danger of prejudice to the non-moving party, (2) the length of delay
6  and its potential impact on judicial proceedings, (3) the reason for the delay, including
7  whether it was within the reasonable control of the movant, and (4) whether the moving
8  party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 855-56 (9th Cir.
9  2004).

In this case, there is a danger of prejudice to Raytheon. Raytheon would be required to provide disclosures that would otherwise be untimely. However, the Court also considers that the length of delay is minimal, especially in light of the July 18, 2014 deadline for the filing of dispositive motions. Although the Court does find the delay was within the reasonable control of Ordnance, the Court does not find Ordnance's conduct was in bad faith. Unlike in *Sinett*, Ordnance has provided reasons for attempting to serve Raytheon while defense counsel's office was closed: Ordnance asserts defense counsel's office is typically open past 5:00 p.m. each day. Moreover, Ordnance asserts it provided the requests for production via email well in advance of 5:00 p.m.[2] Further, Ordnance asserts the documents were left in a conspicuous location consistent with Fed.R.Civ.P. 5. Considering these factors, the Court finds Ordnance's failure to request additional time until after the expiration of time to allow for timely disclosures is the result of excusable neglect. The Court will direct Raytheon to respond to Ordnance's request for production.

*Notices of Depositions*

On January 21, 2014, Ordnance served Notices of Depositions of three Raytheon

---

[2]This information was provided to the Court via email communication to the Court's staff when counsel sought to present this issue to the Court.

- 4 -

1 employees for January 31, 2014. Raytheon asserts notice of eight business days is not
2 reasonable for these significant witnesses. The applicable rule states:

> **(b) Notice of the Deposition; Other Formal Requirements.**
>
> **(1) *Notice in General.*** A party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address. If the name is unknown, the notice must provide a general description sufficient to identify the person or the particular class or group to which the person belongs.
>
> \* \* \* \* \*

Fed.R.Civ.P. 30(b).

Raytheon acknowledges that it still plans to complete some depositions and that it may wish to complete those depositions following a ruling by the Court on the pending Motion for Partial Summary Judgment. In these circumstances, the Court finds ten days notice of a depsosition is reasonable. *See e.g. Sullivan v. Dollar Tree Stores, Inc.*, No. CV-07-5020-EFS, 2008 WL 706698 (E.D.Wash. March 14, 2008) (ordering notice of deposition of Rule 30(b)(6) witness to provide ten days notice of deposition); *Paige v. Commissioner*, 248 F.R.D. 272 (C.D.Cal. 2008) (finding that notice of fourteen days was reasonable); *Jones v. United States*, 720 F.Supp. 355, 366 (S.D.N.Y.1989) (holding that eight days' notice was reasonable).

The Court finds Ordnance provided reasonable notice of the depositions. The Court will order the parties to forthwith schedule the depositions. Additionally, the Court will extend the discovery deadline to allow the parties to complete depositions.

Accordingly, IT IS ORDERED:

1. Raytheon shall respond to Ordnance's request for production within 30 days of the date of this Order. In the event Ordnance has not narrowed its request, Ordnance shall provide a narrowed request by January 31, 2014, and Raytheon shall respond to the narrowed request within 30 days of service of the narrowed request. If Ordnance fails to provide a narrowed request by January 31, 2014, Raytheon need not respond to the requests for production.

2. Counsel shall forthwith schedule the depositions of those persons noticed by

Ordnance on January 21, 2013.

3. The discovery deadline to complete depositions is extended to February 28, 2014.

DATED this 27th day of January, 2014.

_____
Cindy K. Jorgenson
United States District Judge