**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ORDNANCE TECHNOLOGIES (NORTH AMERICA) INC., <br><br> Plaintiff, <br><br> vs. <br><br> RAYTHEON COMPANY, <br><br> Defendant. | No. CV 12-386-TUC-CKJ <br><br> **ORDER** |
| RAYTHEON COMPANY AND RAYTHEON MISSILE SYSTEMS, <br><br> Counterclaimants, <br><br> vs. <br><br> ORDNANCE TECHNOLOGIES (NORTH AMERICAN) INC., <br><br> Counter-defendant. | |

Pending before the Court is Defendant's Motion for Sanctions (Docs. 116, 117, and 118).[1]  A response (Docs. 126, 127, 128, 131, 136, and 137) and a reply (Doc. 138) have been filed.  Argument was presented to the Court on January 30, 2015.

---

[1] Defendant's Motion for Summary Judgment (Doc. 95) is addressed in a separate order.

*Factual and Procedural Background*

Ordinance Technologies (North America), Inc. (collectively, with its predecessor in interest Ordinance Technologies (UK) Limited, "OTNA") filed this action against Raytheon Missile Systems (collectively, with Raytheon Company, "Raytheon") on May 18, 2012. OTNA's Complaint against Raytheon alleges claims of (Count 1) Statutory Misappropriation of Trade Secrets, (Count 2) Common Law Misappropriation of Trade Secrets, (Count 3) Breach of Contract, (Count 4) Breach of Implied Contract, (Count 5) Breach of Implied Covenant of Good Faith and Fair Dealing, (Count 6) Unjust Enrichment, (Count 7) Conversion, (Count 8) Interference with Contract or Business Expectancy, (Count 9) Unfair Competition, and (Count 10) a violation of the Lanham Act. Complaint (Doc. 1).

On May 30, 2013, Raytheon filed a Partial Motion for Summary Judgment (Doc. 35). The deadline for the response was extended to July 29, 2013. OTNA filed its response on July 30, 2013. A Statement of Facts (and supporting documents or controverting evidence) was not filed contemporaneously with the late-filed response. After Raytheon pointed out this failure in its August 22, 2103 reply (Doc. 43), OTNA filed a Statement of Facts on November 22, 2103. Raytheon filed a Motion to Strike and for Sanctions (Doc. 55). The Court granted the Motion to Strike (Doc. 59). Subsequently, the Partial Motion for Summary Judgment was granted; the only remaining claim is Count 3.

The parties subsequently presented a discovery dispute regarding untimely and incomplete responses to interrogatories to the Court on December 3, 2013. The Court ordered, *inter alia*, Raytheon was permitted to conducted additional depositions; the Court stated it would consider awarding costs and attorneys' fees to Raytheon if future events warranted it. *See* Doc. 63. On April 11, 2014, pursuant to a stipulation of the parties, the Court ordered possible limitations on the use of evidence by OTNA. *See* Doc. 91. Pursuant to that same stipulation, the Court ordered OTNA to pay Raytheon $2,500 for costs associated with resolving the dispute. However, the payment was not a statement that OTNA admitted "liability or that it [had] engaged] in any sanctionable conduct." *Id*.

On June 18, 2014, a Motion for Summary Judgment on Plaintiff's Third Claim for

Relief was filed by Raytheon (Doc. 95). OTNA's response to Raytheon's Motion for Summary Judgment was due on August 26, 2014. OTNA filed it response on August 29, 2014. OTNA did not seek leave to extend the deadline prior to the deadline. Raytheon has filed a Reply (Doc. 145).

Additionally, Raytheon filed a Motion to Strike OTNA's Opposition to Raytheon's Motion for Summary Judgment and for Sanctions (Doc. 116). The Court has denied the request to strike the documents, but the imposition of alternate sanctions remains pending.

On August 26, 2014, the date OTNA's response was due, Matthew Elstein ("Elstein"), counsel for OTNA, requested Raytheon agree to additional time to file a response; the reason for the requested extension was simply that additional time was needed. The day after the response was due, another attorney contacted Raytheon's counsel and advised them that Elstein had a medical emergency and could not file the response the day before. That attorney also stated that, because of medical tests, contacts with Elstein were sporadic.

Raytheon's investigation indicates that, during the evening of August 26, 2014 (the response deadline), Elstein filed five documents in another case. The next day, when contact was supposed to be sporadic because of medical tests, Elstein appeared in court on another matter. Raytheon asserts:

> The real issue appears to have been a work flow conflict relating to work Mr. Elstein was doing in the *McAdam* case that overlapped with this case. At best, Mr. Elstein had some medical issue that impacted his ability to manage his workload and he chose the *McAdam* case over this case. At worst, material misrepresentations were made to purportedly justify why the Opposition in this case was not filed. In any event, OTNA did not seek leave to file its Opposition late. When OTNA sought to submit late evidence in connection with Raytheon's earlier motion for summary judgment without seeking leave of Court, OTNA's evidence was stricken and OTNA was sanctioned. [Doc. 59] The result should be no different here.

Motion for Sanction, Doc. 116, p. 4.

Elstein asserts a contract attorney had prepared the documents that were filed in the *McAdam* case on August 26, 2014, he sought extra time from Raytheon because he wanted additional time to review deposition transcripts (but did not state that to Raytheon's counsel), he needed immediate medical attention the late evening of August 26, 2014, and he attended the *McAdam* hearing the following day against medical advice.

1    Raytheon also asserts that Elstein claimed his wife was having a medical emergency
2 in the other case to get a continuance . . . he actually appeared in Tucson for a deposition in
3 this case. Elstein asserts that, although he had informed *McAdam* counsel that he needed a
4 continuance because of his wife's medical issues, upon discussing the history of this case
5 with his wife, they agreed that he should not seek to continue the Raytheon depositions, so
6 he attended them.

7    The declaration of Elstein, filed September 25, 2014, indicates that Elstein would
8 submit emergency room records to the Court for *in camera* review. *See* Docs. 127 and 130.
9 The Court did not receive the documents prior to the hearing, but counsel provided the
10 documents to the Court during the January 30, 2015, hearing. The declaration of Elstein's
11 colleague, the declaration of Elstein's wife and the attachments to Elstein's declaration
12 generally corroborate the information provided by Elstein.

14 III. *Motion for Sanctions* (Doc. 116)

15    OTNA's response was untimely filed in this case. Additionally, the history of this
16 case exhibits that OTNA has repeatedly missed deadlines and has not requested extensions
17 prior to deadlines. Further, although counsel for OTNA had indicated that documents
18 supporting his reason for filing the response late would be sent via Federal Express, the Court
19 did not receive those documents until the January 30, 2105 hearing. Although Elstein states
20 he was well enough to take care of the ministerial task of docketing the briefs prepared by
21 the contract counsel in another case, he does not state why he did not do the ministerial task
22 of filing a motion to extend the deadline in this case. As pointed out by Raytheon, the Court
23 still has not been provided with an adequate explanation for this failure.

24    The Ninth Circuit has stated, "[d]istrict courts have inherent power to control their
25 dockets. In the exercise of that power they may impose sanctions . . ." *Thompson v. Hous.*
26 *Auth. of City of Los Angeles*, 782 F.2d 829, 831 (1986) (per curiam) (citing *Link v. Wabash*
27 *Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961). Indeed, Local Rule
28 83.1(f)(1)(A) provides that the court may, "upon its own initiative" impose appropriate

1 sanctions upon a party who, "without just cause" violates or fails to conform to the Federal
2 Rules of Civil Procedure or any order of the court. The court may, under this Rule, order a
3 sanction that is just under the circumstances, which may include the imposition of a fine,
4 entry of dismissal or a default judgment, or an order imposing costs and attorney fees.
5 "District courts have broad discretion in interpreting and applying their local rules."
6 *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010) (citing *Miranda v.
7 Southern Pacific Transp. Co.*, 710 F.2d 516, 521 (9th Cir. 1983). A court has "inherent
8 power to impose a variety of sanctions to regulate its docket, promote judicial efficiency and
9 deter frivolous filings." *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 267 (10th Cir.1995)
10 (citing *Chambers v. NASCO Inc.*, 501 U.S. 32, 50 (1991); *see e.g. Official Airline Guides,
11 Inc. v. Goss*, 6 F.3d 1385, 1396 (9th Cir.1993) ("Sanctions are appropriate against a party
12 who violates a court settlement order that the person with settlement authority attend the
13 settlement conference.").

14 "[C]ourts and commentators agree that sanctions may be imposed for a party's
15 unexcused failure to comply with a Rule 16 order, even if that failure was not made in bad
16 faith." *Martin Family Trust v. Heco/Nostalgia Enterprises Co.*, 186 F.R.D. 601 (E.D.Cal.
17 1999) (citations omitted).[2] Discovery rules allow for a finding of contempt if the Court's
18 orders are violated. *See e.g.* 156 A.L.R. Fed. 601. This situation is comparable. Further,
19 Fed.R.Civ.P. 16(f) authorizes the court to impose sanctions on a party's motion or on its own
20 motion, including any sanction authorized by Rule 37(b)(2)(A)(ii-vii), if a party or its
21 attorney fails to obey a scheduling order or other pretrial order.[3] In *Thompson*, the court

---

[2] The *Martine Family Trust* court ordered the attorney to pay a specified amount to the Clerk of Court as a sanction for failing to comply with the Rule 16 scheduling order without a finding of contempt.

[3] The listed Rule 37(b)(2) sanctions include: (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure

- 5 -

1 discussed factors to be weighed in determining whether dismissal or default would be an
2 appropriate sanction. Although this Court is not considering those sanctions, the Court does
3 find consideration of the factors to be appropriate. *See e.g. Valley Eng'rs Inc. v. Elec. Eng'g
4 Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998) (The factors are "not a series of conditions
5 precedent before the judge can do anything," but a "way for a district judge to think about
6 what to do."). Here, there is a public interest in expeditious resolution of litigation, the Court
7 needs to manage its docket, and public policy favors the disposition of cases on their merits.
8 Although Raytheon argues that it has been prejudiced (e.g., need to constantly police OTNA,
9 expenses), the prejudice does not extend to affecting the merits of Raytheon's positions as
10 to the issues. Moreover, the Court is considering a less drastic sanction than dismissal or
11 striking in this case.

12 The Court accepts that Elstein in good faith believed he would complete and file the
13 response in a timely manner, but was unable to do so for medical reasons. However, most
14 significant to the Court is that Elstein was able to complete the ministerial tasks in the
15 *McAdam* case, but did not apparently even attempt to complete the ministerial task of filing
16 a request to extend the deadline in this case. In light of the history in this case (e.g., untimely
17 and incomplete disclosure, missed deadlines), the Court finds the imposition of financial
18 sanctions is warranted in this case. The Court finds it appropriate for OTNA and/or Elstein
19 to pay Raytheon's costs and attorneys' fees in preparing and arguing the Motion for
20 Sanctions. Additionally, the Court finds it appropriate for Elstein to pay an additional sum
21 of $2,500.00 to the Southern Arizona Legal Aid, Inc., as a sanction.

22 Accordingly, IT IS ORDERED:

23 1. Defendant's Motion for Sanctions (Doc. 116) is GRANTED.

24 2. OTNA and/or Elstein shall pay Raytheon's costs and attorneys' fees in the
25 preparation and arguing of the Motion for Sanctions. Raytheon shall forthwith submit an

---

28 to obey any order except an order to submit to a physical or mental examination. Fed.R.Civ.P. 16(f) does not state these are the exclusive sanction options.

1 affidavit of costs and fees to the Court.

2     3.    Elstein shall pay $2,500.00 to the Southern Arizona Legal Aid, Inc., http://www.sazlegalaid.org/get-involved/donate, Southern Arizona Legal Aid, 2343 E. Broadway Blvd., Suite 200, Tucson, AZ 85719-6007, as an additional sanction.

DATED this 13th day of March, 2015.

*[signature]*
Cindy K. Jorgenson
United States District Judge